# Skadden, Arps, Slate, Meagher & Flom LLP

ONE MANHATTAN WEST
NEW YORK, NY 10001
———
TEL: (212) 735-3000
FAX: (212) 735-2000
www.skadden.com

FIRM/AFFILIATE OFFICES
———
BOSTON
CHICAGO
HOUSTON
LOS ANGELES
PALO ALTO
WASHINGTON, D.C.
WILMINGTON
———
BEIJING
BRUSSELS
FRANKFURT
HONG KONG
LONDON
MOSCOW
MUNICH
PARIS
SÃO PAULO
SEOUL
SHANGHAI
SINGAPORE
TOKYO
TORONTO

DIRECT DIAL
1.212.735.2491
EMAIL ADDRESS
EVAN.KREINER@SKADDEN.COM

December 21, 2022

**VIA ECF**

Hon. Vernon S. Broderick
United States District Court Judge
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

> In accordance with my individual rules, parties are ordered to file an unredacted copy of the document with the proposed redactions highlighted. See, Rule 5(B)(iii) of the Individual Rules & Practices in Civil Cases of Judge Vernon S. Broderick. In the future, if the parties seek to file sealed or redacted documents, they should do so in accordance with Rule 5(B) of my Individual Rules. **SO ORDERED:**
>
> /s/ Vernon Broderick   1/9/2023
> HON. VERNON S. BRODERICK
> UNITED STATES DISTRICT JUDGE

RE: *Sabre Global Technologies Limited v. Hawaiian Airlines, Inc.*, Case No. 1:22-cv-7395 Letter Motion to Seal Plaintiff's Memorandum of Law in Opposition to Defendant Hawaiian Airlines, Inc.'s Motion to Dismiss

Dear Judge Broderick:

  We represent Plaintiff Sabre Global Technologies Limited ("Sabre") in this breach of contract action against Defendant Hawaiian Airlines, Inc. ("Hawaiian"). Pursuant to Your Honor's Individual Rule 5(B), Sabre respectfully moves to file under seal the redacted portions of its Memorandum of Law in Opposition to Hawaiian's Motion to Dismiss (the "Opposition").

  Sabre initiated this action on August 29, 2022 by filing a Miscellaneous Action and a Letter Motion to File Partially Redacted Complaint. *Sabre Glob. Techs. Ltd. v. Hawaiian Airlines, Inc.*, No. 1:22-mc-246 (S.D.N.Y. Aug. 29, 2022), ECF No. 1. In the letter motion, Sabre sought to file under seal those parts of the complaint that contained, revealed, or described the terms and conditions of the parties' Distribution Services Agreement (the "Agreement"), as well as the negotiating history between

Hon. Vernon S. Broderick
December 21, 2022
Page 2

Sabre and Hawaiian. *Id.*, ECF No. 1. The letter motion explained that "exposing the terms in Sabre's contract with Hawaiian, along with details of the negotiating history between Sabre and Hawaiian, would harm Sabre's competitive positioning because, among other reasons, Sabre would be at an unfair disadvantage if counterparties (and competitors) understood what terms other travel industry participants had negotiated with Sabre." *Id.* at 2. In addition, sealing this material would be consistent with other cases in which this Court sealed such information relating to Sabre's contracts with airlines. *Id.* Judge Halpern granted Sabre's letter motion and directed Sabre to file a redacted complaint. *Id.*, ECF No. 3.

Hawaiian moved to dismiss Sabre's complaint. (ECF No. 25.) Pursuant to Sabre's request and Your Honor's Individual Rule 5(B), Hawaiian filed a letter motion to seal its Memorandum of Law in Support of Its Motion to Dismiss, seeking to redact material that would reveal the terms of the Agreement, and file the Agreement itself (attached as an exhibit) under seal. (*See* ECF No. 26 (seeking to redact the memorandum of law); ECF No. 27-6 (seeking to file the Agreement under seal).) In accordance with Your Honor's Individual Rule 5(B) and the Court's order regarding Hawaiian's letter motion (ECF No. 29), Sabre filed a letter motion to maintain these materials under seal. (ECF No. 32.) To date, the Court has yet to rule on Sabre's letter motion.

Sabre now writes to request that its Opposition be redacted on the public docket. As with previous letter motions, Sabre seeks to redact those parts of the Opposition that contain, reveal, or describe the terms and conditions of the Agreement, as well as the negotiating history between Sabre and Hawaiian. Although a general presumption exists in favor of public access to judicial documents, courts seal materials where, as here, proposed redactions are "narrowly tailored" and "essential to preserve higher values." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006) (citation omitted). These "higher values" include the need "to prevent the unauthorized dissemination of confidential business information," such as the terms of an operative contract. *Allianz Glob. Invs. GmbH v. Bank of Am. Corp.*, No. 18 Civ. 10364 (LGS), 2021 WL 2011914, at *1 (S.D.N.Y. May 20, 2021); *see also W.J. Deutsch & Sons Ltd. v. Diego Zamora, S.A.*, No. 1:21-cv-11003-LTS, 2022 WL 890184, at *3 (S.D.N.Y. Mar. 25, 2022) (granting motion to seal operative contract of a breach-of-contract action because "disclosure of this confidential business information would subject [the party] to a competitive disadvantage").

The proposed redactions to the Opposition meet the required threshold to seal judicial documents. Sabre's agreement with Hawaiian is currently operative, and the terms in Sabre's contracts with airlines, such as Hawaiian, are heavily negotiated and competitively sensitive. More specifically, exposing the terms in Sabre's contract with

Hon. Vernon S. Broderick
December 21, 2022
Page 3

Hawaiian would harm Sabre's competitive positioning because, among other reasons, Sabre would be at an unfair disadvantage if counterparties (and competitors) discovered the terms other travel industry participants had negotiated with Sabre. The terms at issue in this litigation are extraordinarily sensitive precisely because they set the parameters for the flights and fares that Hawaiian must provide to Sabre, which, along with pricing, are among the most critical and highly negotiated terms in Sabre's distribution contracts with airlines. Accordingly, if other airlines or Sabre's distribution competitors learned about the contours of such terms in Sabre's contract with Hawaiian, that could harm Sabre in its negotiations with other airlines in the future, as well as its competition vis-à-vis other distributors of airline flights and fares.

For these reasons, this Court has previously redacted language containing the terms of contracts between Sabre and airlines as part of dispositive motions, even where the opposing party airline contested sealing. *See US Airways, Inc. v. Sabre Holdings Corp.*, No. 1:11-cv-2725-LGS ("*US Airways*"), ECF No. 226, at 1-2 (Sabre's letter motion to seal noting that opposing party was pursuing publication of confidential documents); *id.*, ECF No. 250 (order granting sealing). For example, in *US Airways*, Sabre's summary judgment brief referred to the terms of contracts between Sabre and multiple airlines. *See id.*, ECF No. 226 (letter motion to seal); *id.*, ECF No. 204 (Sabre's Memorandum of Law in Support of Its Motion for Summary Judgment); *id.*, ECF No. 205 (Declaration of Steven J. Kaiser). Sabre argued that revealing the contract terms and the contracts would "harm Sabre's competitive position [because t]he terms are heavily negotiated and various parties would be placed at an advantage with respect to Sabre if they understood what other parties had negotiated." *Id.*, ECF No. 226, at 2. Accordingly, the Court granted Sabre's motion to redact the contract terms from the briefing and to seal the contracts themselves. *Id.*, ECF No. 250. Notably, the Court sealed Sabre's contracts with airlines again in connection with a subsequent motion for summary judgment, even for contracts that, at that point, were over ten years old and no longer operative. *See id.*, ECF No. 1067 (letter motion to seal); *id.*, ECF No. 1211 (order granting letter motion).[1]

The Agreement between Sabre and Hawaiian is the same type of contract as those at issue in *US Airways*: it is a distribution contract between Sabre and an airline that could harm Sabre's negotiating positions with other airlines if the terms are revealed. Indeed, the Agreement's terms are even more sensitive than some of the contracts that were sealed in *US Airways*, as the Agreement is operative and was more

---

[1] Similar to Judge Schofield's sealing orders in *US Airways*, in a recent action concerning "contract-related issues" between Sabre and American Airlines, the state trial court permanently "seal[ed] the entire case file." *In re American Airlines, Inc.*, No. 02-22-00201, at 2 n.1, 3 (Tex. App. Sept. 12, 2022); (ECF No. 32-1).

Hon. Vernon S. Broderick
December 21, 2022
Page 4

recently signed.  Accordingly, for the same reasons as the Court allowed for redaction and sealing in *US Airways*, as well as those set forth above and in Sabre's earlier letter motions to seal, the Court here should allow Sabre to file its Opposition under seal.

    We thank the Court for its consideration of this request.

DATED: December 21, 2022
          Ridgewood, N.J.      Respectfully submitted,

    /s/ *Evan Kreiner*
    Evan R. Kreiner
    SKADDEN, ARPS, SLATE,
    MEAGHER & FLOM LLP
    One Manhattan West
    New York, NY 10001
    Phone: (212) 735-3000
    evan.kreiner@skadden.com

    Steven C. Sunshine
    Tara L. Reinhart (*pro hac vice*)
    SKADDEN, ARPS, SLATE,
    MEAGHER & FLOM LLP
    1440 New York Avenue, N.W.
    Washington, DC 20005
    Phone: (202) 371-7860
    steve.sunshine@skadden.com
    tara.reinhart@skadden.com

    *Counsel for Sabre Global Technologies Limited*