UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
:
SABRE GLOBAL TECHNOLOGIES :
LIMITED, :
:
                     Plaintiff, :         22-cv-7395 (VSB)
:
       - against - :         **OPINION & ORDER**
:
:
HAWAIIAN AIRLINES, :
:
                     Defendant. :
:
------------------------------------------------------------X

Appearances:

Evan Kreiner
Steven Craig Sunshine
Tara L Reinhart
Skadden, Arps, Slate, Meagher & Flom LLP
New York, NY
*Counsel for Plaintiff*

Angela C. Zambrano (Dallas, TX)
Melissa Colon-Bosolet (New York, NY)
Mitchell Brant Alleluia-Feinberg (Dallas, TX)
Yolanda Garcia (Dallas, TX)
Sidley Austin LLP
*Counsel for Defendant*

VERNON S. BRODERICK, United States District Judge:

      Before me are Plaintiff's Letter Motion to Seal Motion to Dismiss and Exhibit F, (Doc.

32), Letter Motion to Seal Plaintiff's Memorandum of Law in Opposition to Defendant Hawaiian

Airlines, Inc's Motion to Dismiss, (Doc. 33), and Plaintiff's Letter Motion to Seal Defendant's

Reply Memorandum of Law in Support of its Motion to Dismiss, (Doc. 42). Because the documents in question are judicial documents to which a presumption of public access applies and Plaintiff fails to demonstrate that sealing is necessary to "preserve higher values" and that its sealing requests are narrowly tailored to serve that interest, Plaintiff's sealing motions are DENIED.

### I.     Background and Procedural History

Plaintiff Sabre Global Technologies Limited ("Sabre") initiated this action on August 29, 2022 by filing an Ex-Parte Motion for Leave to File Case Under Seal. *See Sabre Glob. Techs. Ltd. v. Hawaiian Airlines, Inc.,* No. 1-22-mc-246 (S.D.N.Y. Aug. 29, 2022). On the same day, Judge Philip M. Halpern, sitting as Part I Judge for this Court, granted Sabre's letter motion to file a redacted complaint pursuant to Fed. R. Civ. P. 5.2(d). On August 30, 2022, Plaintiff filed a redacted complaint, (hereinafter referred to as "Complaint" whether in redacted form or not). (Doc. 1.)

On November 21, 2022, Defendant filed a letter motion seeking leave to file its memorandum of law in support of the motion to dismiss under seal. (Doc. 24.) On November 22, 2022, I denied the application without prejudice on the basis that there is a presumption of public access to anything that qualifies as a judicial document. (Doc. 29 (citing *Bernstein v. Bernstein Litowitz Berger & Grossmann LLP,* 814 F.3d 132, 139 (2d Cir. 2016)).) I ordered Defendant to file a letter motion by December 9, 2022, providing case law in further support of their motion to seal. (*Id.*)

On December 9, 2022, Plaintiff filed a letter motion seeking leave to maintain under seal the redacted portions of Defendant's memorandum of law in support of its motion to dismiss plaintiff's complaint, and to Exhibit F of the declaration of Melissa Colon-Bosolet. (Doc. 32.)

2

In its letter motion, Plaintiff argues that the proposed redactions to the motion to dismiss meet the standard to seal judicial documents. *Id.* They argue that because the disputed contract is "currently operative," the terms are "competitively sensitive," and unsealing this information would harm Plaintiff in its negotiations with other airlines, that they have met the standard set out in *Lugosch* that allows for redactions that are "essential to preserve higher values." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006). Further, Plaintiff argues that sealing should be permitted because the public only has a limited interest in accessing the "many terms in the Agreement that are not at issue here." (Doc. 32.) On December 21, 2023, Plaintiff filed a letter motion to seal the redacted portions of its memorandum of law in opposition to Defendant Hawaiian Airlines' motion to dismiss making the same argument. (Doc. 35.)

On January 20, 2023, Defendant Hawaiian Airlines filed a letter, stating that Sabre had requested that Hawaiian file its reply in support of its motion to dismiss, in redacted form, and that Sabre would file a letter explaining their basis for requesting the redactions. (Doc. 40.) On January 23, 2023, Plaintiff filed a third letter motion to seal, seeking to maintain the redactions in Hawaiian's reply. (Doc. 42.)

**II.   Legal Standard**

There is a presumption of public access to judicial documents under both the common law and the First Amendment. *Haider v. Geller & Co*. LLC, 457 F. Supp. 3d 424, 426 (S.D.N.Y. 2020); *see also Nixon v. Warner Commc'ns*, 435 U.S. 589 (1978) (common-law right of access to judicial documents); *Press-Enterprise Co. v. Superior Court*, 478 U.S. 1, 3 (1986) (First Amendment right of access to preliminary hearings). Following Supreme Court precedent, the Second Circuit recognized that this presumption applies to judicial documents under both common law and the First Amendment. *Lugosch*, 435 F.3d at 119–20.

In order to determine whether sealing is appropriate, a Court must first determine whether the document at issue is considered a judicial document "relevant to the performance of the judicial function and useful in the judicial process." *Lugosch,* 435 F.3d at 119 (quoting *United States v. Amodeo*, 44 F.3d 141, 145 (2d Cir. 1995)). If the document is in fact a judicial document, "[f]ederal courts employ two related but distinct presumptions in favor of public access to court proceedings and records: a strong form rooted in the First Amendment and a slightly weaker form based in federal common law." *Newsday LLC v. County of Nassau*, 730 F.3d 156, 163 (2d Cir. 2013). First, the Court must determine the weight of the common law presumption of access, "governed by the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts" and then "balance [the] competing considerations" against the presumption of access. *Lugosch*, 435 F.3d at 119–20 (quoting *United States v. Amodeo II*, 71 F.3d 1044, 1049 (2d Cir. 1995).) "Such countervailing factors include but are not limited to 'the danger of impairing law enforcement or judicial efficiency' and 'the privacy interests of those resisting disclosure.'" *Id*. Under the First Amendment analysis, the Court must assess whether "public access plays a significant positive role in the functioning of the particular process in question." *Id.* (quoting *Press-Enterprise Co.*, 478 U.S. at 8). Even if a qualified First Amendment right of access exists, the Court must determine whether sealing is still appropriate to "preserve higher values" if "narrowly tailored to serve that interest." *Id*. (quoting *Matter of New York Times Co.*, 828 F.2d 110, 116 (2d Cir. 1987)) (cleaned up.)

The strength of the presumption of access "must be governed by the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts." *Amodeo II*, 71 F.3d at 1049. The presumption is "at its

4

zenith" where documents "directly affect an adjudication, or are used to determine litigants' substantive legal rights," and is given little weight "where a document's role in the performance of Article III duties is negligible." *Bernstein*, 814 F.3d at 142 (2d Cir. 2016) (cleaned up). Requests to seal dispositive motions are highly scrutinized because "[a]n adjudication is a formal act of government, the basis of which should, absent exceptional circumstances, be subject to public scrutiny." *Joy v. North*, 692 F.2d 880, 893 (2d Cir. 1982).

**III.     Discussion**

The Complaint, the Memorandum of Law in Support of its Motion to Dismiss Plaintiff's Complaint, the Memorandum of Law in Opposition to Defendant Hawaiian Airlines, Inc.'s Motion to Dismiss, and the Reply in Support of its Motion to Dismiss are clearly judicial documents under *Lugosch*—a point which Plaintiff concedes in its filings—and are therefore entitled to a strong presumption of access. *See* Doc. 32; *see also Lugosch*, 435 F.3d at 121; *Bernstein*, 814 F.3d at 140 ("A complaint, which initiates judicial proceedings, is the cornerstone of every case, the very architecture of the lawsuit, and access to the complaint is almost always necessary if the public is to understand a court's decision." (cleaned up)). Hawaiian—at the request of Sabre—seeks to maintain redactions in its dispositive motions. Dispositive motions seek adjudications, and, as noted above, "[a]n adjudication is a formal act of government, the basis of which should, absent exceptional circumstances, be subject to public scrutiny." *Joy*, 692 F.2d at 893.

The documents Plaintiff seeks to seal represent the kind of documents to which the strongest presumption of public access applies. The weight of the presumption of access to the Complaint is strong because the Complaint is "highly relevant to the exercise of Article III judicial power and the complaint invokes the powers of the court, states the causes of action, and

prays for relief." *Haider*, 457 F. Supp. 3d at 427 (cleaned up).  Similarly, the three other documents are also entitled to a strong presumption of public access because they were submitted in connection with a motion to dismiss.  *Olson v. Major League Baseball,* 29 F.4th 59, 90 (2d Cir. 2022) ("a strong presumption attaches to materials filed in connection with dispositive motions, such as a motion to dismiss").  Here, Plaintiff fails to provide adequate "'countervailing factors' in the common law framework or 'higher values' in the First Amendment framework" that would justify sealing the requested documents.  *Lugosch*, 435 F.3d at 124 (quoting *In re New York Times Co.*, 828 F.2d at 116).  Plaintiff seeks to maintain under seal parts of the pleadings on the basis that the agreements are "currently operative" and that exposing the terms in Sabre's contract with Hawaiian would harm Sabre's competitive positioning.  (*See* Doc. 33.)  Apart from its conclusory assertions, Plaintiff does not provide any information or evidence to support this proposition.  In other words, Sabre does not explain why the disclosure of the redacted portions of the documents would harm its competitive position in the market, and why even if that is the case such disadvantage outweighs the public's right to access of these materials.

       Plaintiff additionally argues that other courts in this district have granted motions to seal to protect contract terms and negotiating positions.  However, I note that many of the decisions cited by Plaintiff do so with the caveat that the redacted information is of little value to the court in evaluating the claims at issue.  *See also Samsung C&T America, Inc. v. Tommy Bahama Group, Inc., et al.*, Doc. 42, Case No. 20-cv-10348 (JPC) (allowing defendants to redact portions of a license agreement "on the grounds that the redactions are not relevant to the disposition of Plaintiff's pending Motion for Partial Judgment on the Pleadings and contains confidential and sensitive commercial information.").

Finally, Plaintiff made no effort to present a "narrowly tailored" sealing request, as required by *Lugosch*. *Lugosch*, 435 F.3d at 120. Plaintiff cites to *W.J. Deutsch & Sons Ltd. v. Diego Zamora*, S.A., where the court allowed specific redactions of six narrowly specified categories of business information. *W.J. Deutsch & Sons Ltd. v. Diego Zamora*, S.A., No. 1:21-CV-11003-LTS, 2022 WL 890184, at *3 (S.D.N.Y. Mar. 25, 2022). In *W.J. Deutsch & Sons Ltd*, the court granted the motion only after an extensive analysis of plaintiff's specific and detailed categories and finding that "only the sensitive information that could lead to competitive disadvantage if disclosed" was being redacted. *W.J. Deutsch & Sons Ltd,* 2022 WL 890184, at *3. In contrast, here Plaintiff seeks to redact information "that contain[s], reveal[s], or describe[s] the terms and conditions of the Agreement, as well as the negotiating history between Sabre and Hawaii" and completely seal the contract that is at the very center of their breach of contract cause of action. (Docs. 32, 33, 42.) This is a broad array of information to redact, and Sabre's efforts to justify the redactions do not satisfy *Lugosch*. Plaintiff fails to meet the heightened burden to maintain redactions on the Complaint and dispositive motions. If the parties are concerned with the exposure of information in the contract, they may wish to litigate their dispute in a forum lacking the strong "right[s] of public access . . . firmly rooted in our nation's history" that apply in an Article III court. *See Lugosch*, 435 F.3d at 119 (cleaned up).

## IV.    Conclusion

For the reasons stated above, Sabre's sealing motions are DENIED. The Clerk of Court is respectfully directed to close the open motions at docket numbers 32, 33, 40, and 42. Unredacted versions of the Complaint and other sealed documents must be filed by Plaintiff on the docket by September 5, 2023.

SO ORDERED.

Dated:    August 21, 2023
            New York, New York

_____
VERNON S. BRODERICK
United States District Judge