**SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP**

ONE MANHATTAN WEST
NEW YORK, NY 10001
———
TEL: (212) 735-3000
FAX: (212) 735-2000
www.skadden.com

FIRM/AFFILIATE OFFICES
———
BOSTON
CHICAGO
HOUSTON
LOS ANGELES
PALO ALTO
WASHINGTON, D.C.
WILMINGTON
———
BEIJING

DIRECT DIAL
1.212.735.2491
EMAIL ADDRESS
EVAN.KREINER@SKADDEN.COM

**APPLICATION GRANTED
SO ORDERED** [signature]
**VERNON S. BRODERICK
U.S.D.J.**  9/5/23

**VIA ECF**

Hon. Vernon S. Broderick
United States District Court Judge
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

      RE: *Sabre Global Technologies Limited v. Hawaiian Airlines, Inc.*, Case No. 1:22-cv-7395-VSB

Dear Judge Broderick:

  We represent Plaintiff Sabre Global Technologies Limited ("Sabre") in this breach of contract action against Defendant Hawaiian Airlines, Inc. ("Hawaiian"). We write jointly with Hawaiian to inform the Court that the parties are engaged in productive discussions to settle this action. Accordingly, the parties jointly request that this action be stayed for sixty (60) days in order to conserve the parties' and judicial resources, and allow the parties time to reach a settlement.

  Regarding the pending September 5, 2023 deadline for Sabre to file its motion for partial reconsideration of the Court's sealing order (*see* ECF No. 45), Sabre respectfully requests—and Hawaiian does not oppose—that this deadline also be stayed for sixty (60) days. If the parties are not able to reach a settlement, Sabre respectfully requests that it have seven (7) calendar days after the date the stay is lifted to file its motion for partial reconsideration of the Court's sealing order. Sabre makes this request in order to ensure efficient use of judicial (and its own) resources:

Hon. Vernon S. Broderick
September 1, 2023
Page 2

If the parties reach a settlement and Sabre voluntarily dismisses this action, Sabre respectfully requests leave to file a renewed motion to seal the agreement, rather than a motion for partial reconsideration, within three (3) business days of filing the parties' stipulation of dismissal—which motion Hawaiian does not oppose—so that Sabre may fully address the "low presumption of access" and "countervailing interest of encouraging settlement" that will apply once it is clear "a decision [will] never be rendered" on Hawaiian's motion to dismiss.  *Lohnn v. Int'l Bus. Machines Corp.*, 2022 WL 3359737, at *5 (S.D.N.Y. Aug. 15, 2022) (sealing declarations and exhibits filed in support of summary judgment motion because the parties settled prior to motion's resolution).  For the avoidance of doubt, regardless of how the Court resolves this motion to stay, Sabre will "file unredacted versions of the Complaint and the briefing on Defendant's motion to dismiss by September 5, 2023."  (ECF No. 45.)

We thank the Court for its consideration of this request.

Respectfully submitted,

/s/ *Evan Kreiner*
Evan R. Kreiner
SKADDEN, ARPS, SLATE,
MEAGHER & FLOM LLP
One Manhattan West
New York, NY 10001
Phone: (212) 735-3000
evan.kreiner@skadden.com

Steven C. Sunshine
Tara L. Reinhart (*pro hac vice*)
SKADDEN, ARPS, SLATE,
MEAGHER & FLOM LLP
1440 New York Avenue, N.W.
Washington, DC 20005
Phone: (202) 371-7860
steve.sunshine@skadden.com
tara.reinhart@skadden.com

*Counsel for Sabre Global Technologies Limited*

cc:  Counsel for Hawaiian Airlines, Inc., via ECF