```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
SABRE GLOBAL TECHNOLOGIES                                   :
LIMITED,                                                    :
                                                            :
                              Plaintiff,                    :       22-cv-7395 (VSB)
                                                            :
             - against -                                    :            ORDER
                                                            :
                                                            :
HAWAIIAN AIRLINES,                                          :
                                                            :
                              Defendant.                    :
                                                            :
------------------------------------------------------------X
```

VERNON S. BRODERICK, United States District Judge:

      I am in receipt of the parties' January 16, 2024 stipulation of voluntary dismissal with prejudice pursuant to Rule 41(a)(1)(A)(ii) of the Federal Rules of Civil Procedure. (Doc. 56.) I am also in receipt of Plaintiff's unopposed motion, (Doc. 57), to seal the entirety of the Distribution Services Agreement ("Agreement") that was filed under seal as an exhibit to the declaration accompanying Defendant's motion to dismiss, (*see* Doc. 28-1.)

      On August 21, 2023, I issued an Opinion & Order denying Plaintiff's initial request to maintain the Agreement under seal. (Doc. 43, "August Order".) On August 29, 2023, Plaintiff filed a motion to stay the deadline I ordered Plaintiff to publicly file the Agreement by in order to allow time for me to rule on Plaintiff's forthcoming motion seeking partial reconsideration of my August Order, solely as it related to that document. (Doc. 44.) The next day, I granted that request and stayed the deadline to publicly file the Agreement *sine die*. (Doc. 45.) On September 1, 2023, in light of settlement discussions, the parties requested that I stay the action, including Plaintiff's deadline to file its motion for partial reconsideration of my August Order,

for sixty days.  (Doc. 46.)  Plaintiff also requested that if the parties were to reach a settlement, that Plaintiff be permitted to file a renewed motion to seal the Agreement, rather than a motion for partial reconsideration.  (*Id.*)  I granted this request, (*see* Doc. 47), as well as the parties' two subsequent requests to extend the stay, (*see* Docs. 53 and 55.)  The stay expired on January 31, 2024.

As set forth in greater detail in my August Opinion, there is a presumption of public access to judicial documents under both the common law and the First Amendment.  *See Haider v. Geller & Co. LLC*, 457 F. Supp. 3d 424, 426 (S.D.N.Y. 2020); *see also Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119–120 (2d Cir. 2006).  Plaintiff argues that because the parties' settlement moots any pending motions, the Agreement should remain sealed because it is not a judicial document.  (*See* Doc. 57.)  Although the Second Circuit has held that pleadings maintain their status as judicial documents even in settled cases, *Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 140 (2d Cir. 2016), it has not yet addressed whether this principle extends beyond pleadings, a question on which courts in this circuit are divided.  *Compare e.g., Dawson v. Merck & Co.*, No. 12-CV-1876 (BMC) (PK), 2021 WL 242148, at *6 (E.D.N.Y. Jan. 24, 2021) (documents attached to a Daubert motion deemed "judicial documents to which a presumption of access immediately attached and remains attached notwithstanding settlement by the parties") *and Lohnn v. Int'l Bus. Machs. Corp.*, No. 21-cv-6379 (LJL), 2022 WL 3359737, at *5 & n.4 (S.D.N.Y. Aug. 15, 2022) (extending the principle in *Bernstein* to declarations and exhibits submitted in connection with motion for summary judgment), *with In re IBM Arbitration Agreement Litigation*, No. 21-CV-6296 (JMF), 2022 WL 3043220, at *2 (S.D.N.Y. Aug. 2, 2022) (summary judgment papers were not judicial documents, as they were neither relevant to the judicial function nor useful in the judicial process because the court did

not consider the documents in resolving the case at the motion to dismiss stage), *and Giuffre v. Maxwell*, No. 15-CV-7433 (LAP), 2020 WL 133570, at *2 (S.D.N.Y. Jan. 13, 2020) (maintaining undecided motions under seal, over objection, after case settled because "there was never, and now never can be, a judicial decision-making process that would trigger the public's right to access the undecided motions and the documents relevant to them.").)

Despite the unsettled nature of this issue, even if these documents remain judicial documents post-settlement, however, I find that any presumption of access is low. *See Brown v. Maxwell*, 929 F.3d 41, 49 (2d Cir. 2019) ("The weight to be given the presumption of access must be governed by the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts.") (internal quotation marks and citations omitted). The presumption at this stage differs from that when I issued my August Order, as no decision will be rendered on Defendant's motion to dismiss, so the Agreement "will not play a role in the exercise of judicial power." (*Lohnn v. Int'l Bus. Machs. Corp.*, 2022 WL 3359737, at *5.

Accordingly, it is hereby:

ORDERED that in light of the parties' stipulation, Defendant's motion to dismiss the complaint is deemed moot. The Clerk of Court is respectfully directed to terminate the pending motion at Doc. 25.

      IT IS FURTHER ORDERED that in light of the parties' settlement, Plaintiff's motion to maintain the entirety of the Distribution Services Agreement under seal is GRANTED. The Clerk of Court is respectfully directed to terminate the pending motion at Doc. 57 and to close the case.

SO ORDERED.

Dated:    February 28, 2024
            New York, New York

_____
VERNON S. BRODERICK
United States District Judge